In the Matter of the Application of GEORGE W. HARRIS for an Order Restraining the BOARD OF ELECTIONS OF THE CITY OF NEW YORK from Printing the Name of HENRY O. HARDING as a Candidate of the Republican Party for Member of the Board of Aldermen of the City of New York from the Twenty-first Aldermanic District, on the Election Day Ballot to Be Held on the 6th Day of November, 1923, and for an Order Printing the Name of GEORGE W. HARRIS in Place Thereof.

First Department, October 19, 1923.

Elections — motion to restrain board of elections from printing name of nominee for alderman of city of New York on ballot — lack of citizenship is basis of application — evidence does not show that nominee was not born in this State.

On an application to restrain the board of elections of the city of New York from printing the name of the nominee of the Republican party for member of the board of aldermen of the city of New York on the election ballot based on the ground that the nominee, the son of foreign parents, is not a citizen of the State of New York, the evidence does not overcome the proof in behalf of the nominee that he was born in this State while his parents were temporarily sojourning here.

APPEAL by the petitioner, George W. Harris, from an order of the Supreme Court, New York county, denying his motion for an order restraining the board of elections of the city of New York from printing the name of Henry O. Harding as Republican can-

didate for alderman at the general election and declaring him unqualified.

*Abraham Brekstone,* for the appellant.

*Russell Lord Tarbox,* for the respondent Board of Elections.

*Robert S. Conkling,* for the respondent Henry O. Harding.

McAvoy, J.:

The petitioner and respondent Harding were both candidates in the Republican primary held in September last for the nomination of that party for the office of alderman in the twenty-first aldermanic district. The respondent Harding was chosen as the nominee and petitioner now seeks to strike the name of his adversary from the official ballot to be voted on at the November election, on the ground that the respondent is not a citizen of the State of New York and thus is ineligible for the office under section 144 of the Election Law of 1922, which declares that no person shall be nominated for a public office who is not a citizen of the State of New York.

The proof of the petitioner is made up of documents such as the respondent's father's naturalization application, the census report of the respondent's family, the manifest of the ship on which respondent and his father arrived in this country in 1890 and various cablegrams purporting to come from an official known as a Registrar-General in British Guiana, who reports the birth of a person of the same name at Georgetown, Demerara, British Guiana, on January 27, 1886, which is explained by the fact that respondent was baptized there and it was customary to register births only under ecclesiastical rule. The other proof is pure hearsay and consists of conversations with others as to the alleged knowledge of these persons as to respondent's place of nativity.

Opposed to these matters of proof there are positive and circumstantial averments of both parents of the respondent that he was born in New York city while they were sojourning here in January, 1886, the father stating that such records and transcripts as show the birth of the respondent elsewhere are erroneous or inadvertent statements in unofficial and official documents to which he gave no sanction, and he points out a discrepancy between the date of actual arrival and the naturalization clerk's entry of that date as an example of likely error. The question of fact thus presented has been the subject of an oral hearing on another application by another petitioner seeking similar relief against this respondent so as to strike his name from the primary ballot, and in that proceeding, after giving a full hearing, the Special Term found against

the then petitioner's proof as opposed to the declarations of the father and mother as to the actual place of nativity.

We have examined the papers now presented and the testimony on that hearing and we reach the same conclusion. It seems quite obvious to us that the proof here against respondent's place of nativity is not sufficiently persuasive to overcome the proof he offers to establish the fact of his birth here.

The order should be affirmed.

CLARKE, P. J., DOWLING, SMITH and MARTIN, JJ., concur.

Order affirmed.